IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE:<br><br>DANIEL WADE BLANKS and<br>GLENDA KASEY BLANKS,<br><br>    Debtor(s). | Chapter 7<br>Case No. 13-62652 |
| ANDREW S. GOLDSTEIN, Trustee<br><br>    Plaintiff(s),<br><br>v.<br><br>DANIEL WADE BLANKS and<br>GLENDA KASEY BLANKS,<br><br>    Defendant(s). | Adversary Proceeding No. _____ |

## COMPLAINT

NOW COMES Andrew S. Goldstein, (the "Trustee"), by counsel, and states for his complaint against Daniel Wade Blanks and Glenda Kasey Blanks (collectively, the "Defendants") as follows:

1. The Plaintiff Trustee is the chapter 7 trustee assigned to administer the chapter 7 bankruptcy case filed by the Defendants.

2. The Defendants filed a chapter 7 bankruptcy case in this Court on December 31, 2013 (the "Petition Date).

3. Prior to the Petition Date, on or about March 28, 2013, the Rectors and Visitors of the University of Virginia (the "UVA Medical Center") obtained a judgment against both of the Defendants in the amount of $48,399.04, plus attorney's fees and interest.



MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

4. In May of 2013 the UVA Medical Center began garnishment proceedings with respect to funds in bank accounts owned by the Defendants.

5. In August of 2013 funds garnished from bank accounts owned by the Defendants were turned over to UVA Medical Center.

6. According to Schedule B, attached to the Defendants' bankruptcy petition, each of the Defendants owns a Roth IRA worth $6,500.00 (the "Accounts"). Statements for the Accounts are attached as **EXHIBIT 1** to this Complaint.

7. The Accounts were initially funded in August of 2013, while UVA Medical Center was in the process of garnishing bank accounts owned by the Defendants.

8. In August of 2013, Glenda Casey Blanks ("Mrs. Blanks") transferred $6,500.00 of cash value in a life insurance policy to an individual retirement account owned by herself.

9. In August of 2013, Glenda Casey Blanks transferred $6,500.00 of cash value in a life insurance policy to an individual retirement account owed by Daniel Wade Blanks ("Mr. Blanks").

10. This Complaint will refer to the transfers of cash value in life insurance to individual retirement accounts as the "Transfers."

11. Mrs. Blanks' interest in cash value in life insurance was not exempt from creditor process prior to the Transfers.

12. In schedule C, attached to the Defendants' bankruptcy petition, the Defendants assert that the Accounts are exempt in the amount of $6,500.00 each (which is the full claimed value of each of the Accounts) pursuant to section 34-34 of the Virginia Code.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

2

13. Mrs. Blanks made the Transfers with the intent to protect the funds transferred to the Accounts from creditor process.

14. Exemption of the Accounts pursuant to section 34-34 of the Virginia Code prevents the Trustee from administering the funds in the Accounts for the benefit of creditors.

15. The Transfers reduced the value of the Defendants' bankruptcy estate by an amount equal to the amounts transferred and for which an exemption was asserted.

16. Mrs. Blanks received no value in return for transferring interests in life insurance to the ownership of Mr. Blanks.

17. Mrs. Blanks fundamentally altered the form of ownership of her interests in life insurance by transferring the value to the Accounts.

## Count I (Actual Fraud, 11 U.S.C. § 548(a)(1)(A))

18. All prior allegations are incorporated into this paragraph as if fully set forth in this paragraph.

19. Mrs. Blanks made the Transfers with actual intent to hinder, delay, or defraud one or more entities to which the Debtor was or became indebted on or after the date that such transfer was made.

20. The Transfers converted nonexempt property to exempt property.

21. The Transfers were made with the actual intent to protect the transferred value from creditor process.

## Count II (Constructive Fraud, 11 U.S.C. § 548(a)(1)(B))

22. All prior allegations are incorporated into this paragraph as if fully set forth in this paragraph.



MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

23. Mrs. Blanks received less than a reasonably equivalent value in exchange for the transfer of the value in life insurance to the Accounts.

24. Mrs. Blanks was insolvent on the date of the Transfers or became insolvent as a result of the Transfers.

25. Mrs. Blanks was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining in her ownership was unreasonably small capital.

26. The Transfers are void or voidable.

### Count III (Virginia Code Annotated, Section 55-80)

27. All prior allegations are incorporated into this paragraph as if fully set forth in this paragraph.

28. Each of the Transfers was a conveyance, assignment or transfer of real or personal property made with the intent to delay, hinder, or defraud creditors of or what they are or may be lawfully entitled.

29. The Transfers from nonexempt property to exempt property, with the intent to protect the asset from creditors, constitutes a fraudulent transfer.

30. The Transfers are void or voidable.

### Count IV (Virginia Code Annotated, Section 55-81)

31. All prior allegations are incorporated into this paragraph as if fully set forth in this paragraph.

32. The Transfers were not upon consideration deemed valuable in law by an insolvent transferor, or by a transferor who was rendered insolvent by the Transfer.

33. The Transfers are void or voidable.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

4

WHEREFORE, the Plaintiff requests that the Court enter judgment against Daniel Wade Blanks and Glenda Kasey Blanks avoiding the transfer of value in life insurance to Individual Retirement Accounts for the benefit of the Defendants' bankruptcy estates, including any gains in value to the Accounts, and for such other and further relief as the Court deems appropriate.

Date: November 19, 2015             Respectfully submitted,

ANDREW S. GOLDSTEIN, Trustee

By: /s/ Garren R. Laymon
     Of Counsel

Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Magee Goldstein Lasky & Sayers, P.C.
P.O. Box 404
Roanoke, VA  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: glaymon@mglspc.com
*Counsel for the Trustee*

U:\A CLIENTS\TRUSTEE CASES 2568\Blanks, Daniel W. & Glenda K. 609\Complaint\Complaint.doc

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW